IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| ROBERT TROY McCLURE | § | |
| v. | § | CIVIL ACTION NO. 5:11cv180 |
| RICK THALER, ET AL. | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Plaintiff Robert McClure, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. As Defendants, McClure named: the director of the Texas Department of Criminal Justice, Correctional Institutions Division, Rick Thaler; TDCJ Executive Director Brad Livingston; and Warden Grounds, Major Collum, and Captain Goodin, TDCJ officials at the Telford Unit.

In his original and amended complaints, McClure raised nine grounds for relief.[1] These are, in brief: (1) he has been denied "access to the media" because he cannot afford to buy a radio and is deprived of access to television and newspapers, which prevents him from knowing what is going on in the world, denies him religious freedom; (2) the denial of TV amounts to a violation of equal protection because inmates in other prison units have TVs in their cells and he should too; (3) he is denied toothpaste but is told to use baking soda instead; (4) he is charged a co-pay of $100 per year

---

[1] In her Report, the Magistrate Judge addressed the first two of these complaints together, and thus had only eight numbered paragraphs. In his original complaint, McClure counted these first two claims separately.

for medical care, which is too much, and if he ever gets a donation from a church, half of it is taken away for this co-pay; (5) he is not allowed to grow long hair to "express himself," which also denies equal protection because female inmates are allowed to grow their hair; (6) he is shaved with "unsanitary clippers" by "untrained barbers," which puts him at risk of contracting illnesses such as AIDS or hepatitis C; (7) the TDCJ administration does not have proper trash procedures, but instead inmates just throw out all of their garbage onto the floor of the hallway; (8) he is not issued a proper mattress or jacket; and (9) he is charged for postage.

The Defendants were ordered to answer the lawsuit and filed a motion to dismiss, to which McClure filed a response. After review of the pleadings, the Magistrate Judge issued a Report recommending that the motion to dismiss be granted and that the lawsuit be dismissed. McClure filed objections to this Report on June 14, 2012.

In his objections, after a lengthy dissertation on prison reform, his efforts to achieve it, and how he has suffered as a result, McClure turns to his objections in this case. He complains that the denial of access to the media denies him "interactions" which he needs to help him better himself, and states that he retains rights under the First Amendment which are not inconsistent with his status as a prisoner. The Magistrate Judge correctly determined that there is no right to television while incarcerated, nor any right to free radios or newspapers. Although he argues that he does not have any kind of access to knowledge, in a later part of his objections he refers to the new health care law, indicating that he has some access to information about current events. McClure did not argue that he could afford to pay for newspapers or a radio but was not allowed to obtain them. This objection is without merit.

Next, McClure complains that while inmates at the Walls Unit have TVs in their cells, this is because the Walls Unit is where federal inspectors go, and so TDCJ creates a "false impression" as to how inmates are treated. The fact that inmates on other units may have TVs in their cells while McClure does not is not proof of an equal protection violation because McClure is not similarly situated to inmates at the Walls Unit, being confined elsewhere. See Muhammed v.

Lynaugh, 966 F.2d 901, 903 (5th Cir. 1992) (inmate not denied equal protection when prisoners on other units were allowed to possess tape recorders but he was not; Fifth Circuit explained that he was "similarly situated" only to other inmates at the unit where he was confined). This objection is without merit.

With regard to the denial of toothpaste, McClure asserts that the use of baking soda has an adverse effect causing mouth sores. As the Magistrate Judge concluded, there is no constitutional violation in the fact that McClure is provided baking soda rather than the type of toothpaste that he would prefer. Although McClure asserts that he is suffering mouth sores, he nonetheless fails to show that any of the named defendants were aware of this; in the grievances which McClure attached to his original and amended complaint, he asserted that he could not get floss, but made no mention of baking soda or mouth sores. McClure does not identify any named defendant as being responsible in any way for the fact that he has received baking soda instead of toothpaste. He did not sue any medical or dental personnel, but instead named TDCJ administrative personnel, the unit warden, and security officers, with no showing of personal involvement or any other form of liability for this claim. McClure cites Despain v. Uphoff, 264 F.3d 965 (10th Cir. 2001) as holding that "inmates are entitled to toothpaste," but in fact this decision makes no reference to toothpaste. His objection on this point is without merit.

In his next objection, McClure complains that in September of 2011, TDCJ raised the medical co-pay from $3.00 to $100.00. He contends that his claim is "fundamentally based on the new health care law," which he claims "entitles free health care for poor or indigent people." The Affordable Care Act has not been implemented in its entirety and does not in any event affect co-pays charged by state prison systems to their inmates, despite McClure's nonsensical assertion that dismissal of this claim would amount to "treason." The Magistrate Judge correctly determined that the $100.00 co-pay was per year, not per visit as was the $3.00 co-pay, and that there was nothing unconstitutional about charging a co-pay for medical care. McClure's objection on this point is without merit.

Concerning the allegedly unsanitary clippers, McClure simply repeats his claim that these clippers could expose him to disease, arguing that there is no need for him to allege "serious and lasting disease." The Magistrate Judge properly determined that McClure had failed to show that any of the named defendants had any personal involvement with this claim, and that McClure's vague and general assertions that "Livingston, Thaler, Grounds, Major Collum, Captain Goodin are forcing to me to be shaved with clippers that are not sanitized" did not show personal involvement on the part of any of these persons, particularly the Executive Director of TDCJ and the Director of the Correctional Institutions Division of TDCJ. McClure did not object to the Magistrate Judge's conclusion in this regard, but simply refers to unnamed "officials who know there is [sic] inmates dying of hep C, AIDS, who have sores all over their body and use these clippers and don't sanitize them." Such vague and conclusory assertions are insufficient to sustain liability against any of the named Defendants. McClure's objections in this regard are without merit.

McClure next charges that the Magistrate Judge made "improper factual determinations" concerning his claim about improper trash procedures. He states that the Magistrate Judge was required to accept his "well pleaded facts" as true, and that the Magistrate Judge cited the trash procedures applicable to general population, not administrative segregation where he is housed. The policy cited by the Magistrate Judge prohibits inmates from throwing trash into the hallway outside their living areas, a policy equally applicable to administrative segregation. McClure failed to show that the Defendants whom he named in connection with this claim, Executive Director Brad Livingston and TDCJ-CID Director Rick Thaler, had implemented any constitutionally deficient policies which were the moving force behind a constitutional deprivation. Although he complains that rats live in the cell block because of the trash, he nonetheless fails to show any liability on the part of the persons whom he named in connection with this claim. His objection on this point is without merit.

Next, McClure states that Livingston "banned all pillows," and that he has "neck pain" and "skeleton injury" as a result of the allegedly improper bedding. He argues that the Ninth Circuit has

held that inmates are entitled to pillows and issued an injunction ordering that they receive pillows, citing Toussant v. McCarthy, 597 F.Supp. 1388 (N.D. Cal. 1984), *aff'd in part and reversed in part* 801 F.2d 1080 (9th Cir. 1986), *rev'd in part on other grounds by* Sandin v. Conner, 515 U.S. 472 (1995); *but see* Murphy v. Walker, 51 F.3d 714, 721 (7th Cir. 1995), *citing* Martin v. Tyson, 845 F.2d 1451, 1457 (7th Cir. 1988) in holding that there is no constitutional right to a pillow.

As the Magistrate Judge determined, McClure's allegations fail to show any personal involvement on the part of the persons whom he named in connection with his claims. He contends that Livingston implemented a policy stating that no inmate would receive a pillow, but the weight of better authority holds that inmates have no constitutional right to a pillow. Even if such a right did exist, it was not clearly established, and the Defendants would be entitled to qualified immunity from monetary damages.[2] McClure's objection on this point is without merit.

In conclusion, McClure argues again that the Magistrate Judge "resolved factual disputes" and asserts that his medical claims cannot be resolved until the Affordable Care Act has been reviewed, again insisting that failure to do so would be "treason." He asserts that he is "entitled to further proceedings." McClure's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this case, including the Plaintiff's pleadings, the Defendants' motion to dismiss, the Plaintiff's response thereto, the Report of the Magistrate Judge, and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 21) is ADOPTED as the opinion of the District Court. It is further

---

[2]To the extent that McClure seeks injunctive relief on his claims, the Court notes that McClure is no longer confined at the Telford Unit, making any claims for injunctive relief regarding the conditions of confinement at the Telford Unit moot. Rocky v. King, 900 F.2d 864, 867 (5th Cir. 1990); Gillespie v. Crawford, 858 F.2d 1101, 1102 (5th Cir. 1988)

ORDERED that the Defendants' motion to dismiss (docket no. 40) is hereby GRANTED and the above-styled civil action be and hereby is DISMISSED with prejudice. It is further

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**It is SO ORDERED.**

**SIGNED this 13th day of July, 2012.**

*/s/ Michael H. Schneider*
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE